Jenny Choi (SBN 285839)
jchoi@fordharrison.com
FordHarrison LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorney for Defendant,
RENTOKIL NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CAZARES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RENTOKIL NORTH AMERICA, INC.,<br><br>　　　　Defendant. | CASE NO.<br><br>**DEFENDANT RENTOKIL NORTH AMERICA INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>Complaint Filed: November 16, 2023<br>Trial Date:　　　None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Rentokil North America, Inc. (hereinafter, "Rentokil" or "Defendant") files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.　INTRODUCTION**

1.　Plaintiff Daniel Cazares ("Plaintiff") filed a complaint on November 16, 2023, in the Superior Court of California, County of Los Angeles, entitled "*Daniel Cazares v. Rentokil North America, Inc. DBA Western Exterminators, a Pennsylvania corporation; Fabio Doe, an individual; and DOES 1 through 100,*

1  *inclusive,"* Case No. 23STCV28147 (the "State Court Action").  (Declaration of Jenny Choi ("Choi Decl.") ¶ 3).

2. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action, is attached to the Declaration of Jenny Choi as Exhibits A through C.  (Choi Decl. ¶¶ 3-6, Exs. A-C).

3. On December 19, 2023, Defendant filed an Answer with the Clerk of the Superior Court of California, County of Los Angeles. (Choi Decl. ¶ 5, Ex. C).

4. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings, and orders served on or received by Defendant and/or filed in the State Court Action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Los Angeles, or served by any party.  (Choi Decl. ¶ 6).

## II. NATURE OF THE SUIT

5. Plaintiff alleges that he was hired by Rentokil, DBA Western Exterminators, on or about July 15, 1988, as an WDO Technician and remained in such role until October 1, 2023. (Compl. at Factual Allegations, ¶ 11).  Plaintiff alleges that on or about January 14, 2023, he fell off a ladder while working and injured his shoulder. (Id. at ¶ 13). Plaintiff claims such injury rendered him physically disabled. (Id.) Plaintiff alleges he was able to continue working until he had shoulder surgery on or about July 28, 2022 and was unable to return to work until January 2023. (Id. ¶¶ 14-15). Thereafter, Plaintiff claims he experienced pain and weakness in his shoulder and arm. (Id. at ¶ 15). Plaintiff alleges his physician advised that he could return to work on May 26, 2023 with permanent restrictions of no work on ladders or at heights, no lifting more than 25 pounds, and no reaching. (Id. at ¶¶ 16-17). Plaintiff alleges Defendant thereafter informed Plaintiff that they could not move him to a different position that would accommodate his restrictions. (Id. at ¶18). Plaintiff claims he later met with Western Exterminators' manager, Fabio (last name

unknown, "Fabio") in August 2023, to evaluate Plaintiff's circumstance and determine if he could return to work. (Id. at ¶ 19). Plaintiff alleges he informed Fabio that he was ready to return to work and he was able to perform up to 80% of his job. (Id. at ¶ 20). Plaintiff alleges Fabio disagreed, stating that Plaintiff was likely only able to do 50% of his job. (Id.) Plaintiff alleges he was thereafter provided a website listing Defendant's available positions at various locations. (Id. at ¶ 21). Plaintiff claims he applied for the positions but was informed by Defendant that he was not qualified for the positions. (Id.) Plaintiff alleges he was terminated on October 1, 2023. (Id. at ¶ 22). Plaintiff claims his termination was motivated by discrimination based on his disability and that such discrimination and harassment caused him emotional distress and aggravation. (Id. at ¶¶ 23-24).

6. Plaintiff further alleges he was entitled to the following, which Defendant allegedly failed to provide: wages for work performed in excess of 12 hours per day; meal/rest breaks; wage statements properly and accurately itemizing hours worked at the effective regular rates of pay; wages due on termination; and requested employment records. (Id. at ¶¶ 28-32).

7. The Complaint filed in the State Court Action alleges the following causes of action: (1) disability discrimination in violation of California Government Code § 12940(a) (also referred to as the "Fair Employment and Housing Act" or "FEHA"); (2) hostile work environment in violation of California Government Code § 12940 *et seq.*; (3) retaliation in violation of California Government Code § 12940 *et seq.*; (4) failure to prevent discrimination from occurring in violation of California Government Code § 12940(k); (5) harassment due to physical disability in violation of California Government Code § 12940(a); (6) failure to accommodate physical disability in violation of California Government Code § 12940(m); (7) failure to engage in a good faith interactive process in violation of California Government Code § 12940(n); (8) wrongful termination in violation of California Government Code § 12940 *et seq.*; (9) failure to pay double time in violation of California Labor Code §§

510, 511, 558, 1194, 1194.3, 1198, and Industrial Welfare Commission Wage Order 5; (10) failure to provide meal breaks in violation of California Labor Code § 226.7; (11) failure to provide rest breaks in violation of California Labor Code § 226.7; (12) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (13) failure to pay all wages due upon termination in violation of California Labor Code § 203; (14) failure to provide a copy of personnel records in violation of California Labor Code § 1198.5; and (15) unfair competition and business practices in violation of California Business & Professional Code § 17200 *et seq*. Plaintiff seeks compensatory damages, including owed double time pay, lost wages and benefits, unpaid wages, and physical and emotional distress; consequential damages; general damages; statutory damages; waiting time penalties; injunctive relief; restitution of wages; punitive and exemplary damages; costs and attorneys' fees; prejudgment interest; and "such other and further relief as the Court may deem just and proper." (Compl. at Prayer for Relief, p. 28).

### III.   BASIS FOR REMOVAL: DIVERSITY

8.   A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met in this case.

#### A.   COMPLETE DIVERSITY OF CITIZENSHIP

9.   At all relevant times, Plaintiff is and was a resident of the State of California. (Compl. at Parties, ¶ 3); (Declaration of Lisa Glass ("Glass Decl.") ¶ 3)

10.   Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

11. "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Rentokil North America, Inc. is a corporation incorporated under the laws of the State of Pennsylvania. (Choi Decl. ¶ 7, Ex. D, E). Rentokil's principal place of business is in Pennsylvania. (*Id.*). Accordingly, Rentokil is a citizen of Pennsylvania for diversity purposes.

12. Pursuant to 28 U.S.C. Section 1441(b), the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

13. Because Plaintiff is a citizen of California and Rentokil is a citizen of Pennsylvania, complete diversity exists between the parties.

### B. AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. A notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens¸* S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Scherer v. Equitable Life Assur. Society of the United States*, 347 F.3d 394, 399 (2nd Cir. 2003) (noting that amount to consider for jurisdictional purposes is amount put in controversy by the plaintiff's complaint, without regard to subsequently asserted defenses).

15. Plaintiff alleges Defendant discriminated, retaliated, and harassed him because of his alleged physical disability; subjected him to a hostile work

environment; wrongfully terminated his employment; and engaged in unfair competition and business practices. Plaintiff further alleges Defendant failed to prevent discrimination against him, accommodate his alleged physical disability, engage in a good faith interactive process, pay double time, provide meal and rest breaks, provide accurate itemized wage statements, pay all wages due upon termination, and provide a copy of his personnel records.

16.     By this lawsuit, Plaintiff seeks general and compensatory damages for loss of earnings and earning capacity in the amount of at least $174,852. (Id. at, ¶ 38). Plaintiff also seeks general damages for past and continuing pain and suffering, extreme and severe mental anguish, and emotional distress in the amount of at least $1,000,000. (Id. at ¶ 39). Plaintiff further seeks punitive and exemplary damages, liquidated damages, attorney's fees and costs, statutory damages, waiting time penalties, restitution of wages, prejudgment interest, payment of owed double time wages according to proof at trial, and payment of one hour of pay for each meal and rest break denied according to proof at trial. (Compl. at Factual Allegations and Prayer for Relief).

17.     While Defendant denies any liability to Plaintiff whatsoever,[1]

18.     Defendant asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

19.     In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment. See *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, *4 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal...and adding wages for the estimated time

---

[1] Defendant in no way concedes that Plaintiff is owed lost wages or owed any damages at all. Further, Defendant does not waive any argument related to their defenses, including, but not limited to, Plaintiff's obligation or failure to mitigate lost wages.

between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, *2, n.1 (E.D. Cal. Jun 1, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

20. Plaintiff alleges at the time of his termination his pay was $28.57 per hour. (Compl. at Factual Allegations, ¶ 11). Plaintiff was terminated on October 1, 2023. (Id.)

21. According to the most recently-reported data, on March 31, 2022, the median time elapsed from the filing of a complaint until trial in the Central District of California is approximately 21.8 months. See United States Courts Statistics: https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables. Thus, based on removal in December 2023, the estimated trial date would be in October 2025. Plaintiff seeks to recover pay back. (Compl. at Factual Allegations, ¶ 38). Plaintiff alleges he was terminated on October 1, 2023, making his backpay period from October 1, 2023, to October 1, 2025. Accordingly, Plaintiff's backpay claim is worth approximately **$118,851.20** ($28.57/hr x 40 hours a week x 104 weeks).

22. Plaintiff also seeks to recover future wages. (Id.) One year of front pay equals **$59,425.60** ($20.57/hr x 40 hours a week x 52 weeks).

23. Plaintiff seeks to recover waiting time penalties equal to 30 days of pay for Defendant's alleged failure to pay all wages due at the time of termination. (Id. at ¶ 145). Plaintiff's claim for waiting time penalties would amount to approximately **$6,856.80** ($28.57/hr x 8 hours per day x 30 days).

24. Plaintiff seeks to recover a penalty of **$750** for Defendant's alleged failure to provide Plaintiff full access to his personnel records. (Id. at ¶ 151).

25. Plaintiff seeks to recover penalties of **$50** for the initial pay period, and **$100** for each subsequent pay period, in which Defendant allegedly failed to provide Plaintiff accurate itemized wage statements. (Id. at ¶ 138). Because the Complaint

does not specify the number of pay periods in which the alleged violation occurred, this amount cannot be precisely calculated but only serves to increase the amount in controversy.

26. Plaintiff is also seeking an unspecified amount of compensation for unpaid double time pay and for all meal and rest breaks not provided. (Id. at ¶¶ 137-35). Because the Complaint does not specify the number of hours of alleged unpaid double time pay or the number of meal/rest breaks denied, this amount cannot be precisely calculated but only serves to increase the amount in controversy.

27. Plaintiff is also seeking to recover his attorneys' fees and costs. (Compl. at Prayer for Relief, ¶ 15.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

28. Plaintiff also seeks to recover punitive damages. (Id. at ¶ 14). The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294.

*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

29.  Plaintiff also seeks open-ended relief as "such other and further relief as the Court deems just and proper." (Id. at ¶ 17). Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.)

30.  Defendant denies that Plaintiff's claims have any merit. Defendant also denies that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, unpaid wages, penalties, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

31.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

32.  Pursuant to 28 U.S.C. § 1446(a), Defendant has attached to this notice and the declaration of Jenny Choi, all pleadings, process, orders, and all other filings in the state court action. (Choi Decl. ¶¶ 3-6, Exs. A-C).

33.  This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after November 20, 2023, the first

and only date on which Rentokil was provided with any pleading or other paper in this matter, and this case has been on file for less than one year. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See Id*.

34. Defendant will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of Los Angeles. (*See* Choi Decl. ¶ 8, Ex. F).

35. As required by 28 U.S.C. §1446(d), Defendant will give notice of this removal to Plaintiff. (Choi Decl. ¶ 8, Ex. F).

## V.     VENUE & INTRA-DISTRICT ASSIGNMENT

36. This action was brought and is pending before the Superior Court of California, Los Angeles County. Los Angeles County, California is located within the Central District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## VI.     CONCLUSION

WHEREFORE, Defendant prays that the Court will remove this civil action from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

Dated: December 20, 2023

Respectfully submitted,
FORD HARRISON LLP

By: */s/ Jenny Choi*
Jenny Choi
Attorney for Defendant,
RENTOKIL NORTH AMERICA, INC.

# **PROOF OF SERVICE**

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **December 20, 2023**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT RENTOKIL NORTH AMERICA INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

| | |
|---|---|
| Molly E. Hoot, Esq.<br>LIPELES LAW GROUP, APC<br>880 Apollo St. #336<br>El Segundo, CA 90245<br>Tel: (310) 322-2211<br>Fax: (310) 322-2252<br>Email: molly@kallaw.com | Attorney for Plaintiff,<br>DANIEL CAZARES |

[x] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

[x] **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

[x] **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **December 20, 2023**, at Los Angeles, California.

_____
Lillian Marquez